NO. 07-09-0057-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL A

 FEBRUARY 18, 2010

 ______________________________

 TAMMY DIANE RYALS, APPELLANT

 V.

 STATE OF TEXAS, APPELLEE

 _________________________________

 FROM THE 223[rd] DISTRICT COURT OF GRAY COUNTY;

 NO. 7152; HONORABLE LEE WATERS, JUDGE

 _______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.
 MEMORANDUM OPINION
 Appellant, Tammy Diane Ryals, was charged by indictment with the third degree felony offense of possessing a prohibited substance in a correctional facility. A jury found her guilty and assessed sentence at three years confinement. By one issue, Appellant contests the legal sufficiency of the evidence to sustain the conviction. We affirm.
 Background
 On January 26, 2005, Appellant was being detained in a general holding cell at the Gray County jail. While taking holding cell inmates out of the cell one at a time for the purpose of allowing them to make telephone calls, Jamie Schlabs, an employee of the Gray County Sheriff's Department, was handed a note reading "Tammy Ryals has crack." She was also verbally informed that the crack was in a styrofoam cup. Schlabs returned the inmate to the holding cell and immediately collected all the styrofoam cups.
 Schlabs testified that as she picked up the cups, Appellant's demeanor changed and she became "fidgety." An examination of the cups revealed that one cup contained a folded piece of pink paper, which was identified as paperwork coming from Appellant's arraignment. Inside that paperwork, Schlabs found a wad of tissue paper, and inside that tissue paper she found a white powder, later chemically identified as cocaine. When asked what the substance was, Appellant responded that it "was aspirin for her teeth." Appellant was subsequently charged and convicted of possessing a prohibited substance, to-wit: cocaine, in a correctional facility. 

 Standard of Review
Appellant contends the evidence was legally insufficient to establish that she knew the substance was cocaine. Evidence is legally insufficient if, when viewed in a light most favorable to the prosecution, any rational trier of fact could not have found each element of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Laster v. State, 275 S.W.3d 512, 517 (Tex.Crim.App. 2009). This standard is the same in both direct and circumstantial evidence cases. Id. 275 S.W.3d at 517-18.
 Legal sufficiency of the evidence to sustain a conviction is measured by the elements of the offense as defined by a hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234, 239-40 (Tex.Crim.App. 1997). This is done by considering all the evidence that was before the jurywhether proper or improperso that we can make an assessment from the jury's perspective. Miles v. State, 918 S.W.2d 511, 512 (Tex.Crim.App. 1996). As an appellate court, we sit as a final, due process safeguard, ensuring only the rationality of the factfinder, and we must uphold the jury's verdict unless it is found to be irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). 

 Analysis
As per the indictment in this case, the State was required to prove that Appellant knowingly or intentionally possessed a controlled substance, namely cocaine, in a correctional facility, namely the Gray County Jail. To prove possession, the State was required to show that Appellant (1) exercised actual care, custody, control, or management of the substance and (2) knew the matter possessed was contraband. See 481.002(38). See also Tex. Penal Code Ann. 1.07(39) (Vernon Supp. 2009); Poindexter v. State, 153 S.W.3d 402, 405-06 (Tex.Crim.App. 2005). 
Knowledge that the matter possessed was contraband may be inferred from the acts, words, or conduct of the accused. Grant v. State, 989 S.W.2d 429, 433 (Tex. App.--Houston [14th Dist.] 1999, no pet.). Links used to establish care, custody, control or management of the matter can likewise be used to establish knowledge of the nature of the substance.
When, as here, the accused does not have actual physical possession of the controlled substance when seized, it cannot be concluded or presumed that the accused had possession over the substance unless there are independent facts or circumstances that tend to connect or link the accused to the knowing possession of the contraband. Evans v. State, 202 S.W.3d 158, 161-62 (Tex.Crim.App. 2006). Numerous nonexclusive factors have been recognized as contributing to an evaluation of whether an accused is linked to the contraband. See Triplett v. State, 292 S.W.3d 205 (Tex.App.--Amarillo 2009, pet. ref'd). Those factors include: (1) whether the contraband was recovered from a place or thing under the control of the accused; (2) whether the contraband was conveniently accessible to the accused; (3) whether the conduct of the accused indicated consciousness of guilt; and (4) whether the accused made any incriminating statements. Id. at 209. 
Here, several factors tended to link Appellant to the knowing care, custody, control, or management of the contraband. First, the note and verbal information given to Schlabs established that the note-writer was aware the substance was not only present, but that it was cocaine. From this evidence, a reasonable factfinder could presume that the note-writer learned this information from Appellant. Secondly, the contraband was discovered in a styrofoam cup, wrapped in tissue paper, and placed inside Appellant's folded-up arraignment papers. The secretion of a substance can be circumstantial evidence that the person who placed the substance in that location was attempting to avoid its discovery and was, therefore, aware of its illegal nature. Furthermore, upon being asked to identify the substance, Appellant acknowledged not only consciousness of its presence but also control by stating that it was for her teeth. Finally, the fact that Appellant became fidgety is some evidence of her consciousness of the illegal nature of the substance. 
Based upon these facts, viewing the evidence in the light most favorable to the verdict, we conclude the evidence is legally sufficient to support the jury's implied finding that Appellant exercised "actual care, custody, control, or management" of the substance and knew the matter possessed was contraband. Appellant's issue is overruled. 
 Conclusion
 Accordingly, the trial court's judgment is affirmed.

 Patrick A. Pirtle
 Justice

Do not publish.